No. 98,667

STATE OF KANSAS, *Appellee*, v. TINA C. WILLIAMS, *Appellant*.

(244 P.3d 667)

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 9, 2009. Opinion filed December 10, 2010.

*Carl A. Folsom, III*, of Kansas Appellate Defender Office, argued the cause and was on the brief for the appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Phill Kline*, district attorney, and *Stephen N. Six*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

NUSS, J.: Tina C. Williams appeals the Court of Appeals affirmation of the district court's sentence for her identity theft con-

victions. She alleges the district court erroneously scored her criminal history by calculating her prior convictions for identity theft from the state of Washington as person felonies instead of nonperson felonies. Our jurisdiction is under K.S.A. 60-2102(b). We affirm.

## FACTS

Tina C. Williams pleaded guilty in Johnson County District Court to one count of identity theft in case No. 05 CR 2265 and one count of identity theft in case No. 06 CR 1812. In 05 CR 2265, Williams admitted she completed a credit application on June 6, 2005, to purchase a $21,000 car using false information concerning her address, occupation, gross salary, and employment history. Williams made $7,100 in payments on the car using a Target Visa credit card she had obtained using Tina Newcomb's date of birth and social security number. Williams had obtained Newcomb's information, without permission, while working as a receptionist at the Leawood Family Care center, where Newcomb was a patient.

In case No. 06 CR 1812, defendant Williams admitted she used Amie Williams' identity information, without permission, to purchase a $20,000 car from Jay Wolfe Honda on February 11, 2006. Williams had obtained Amie Williams' information while working at Sabates Eye Center. On June 23, 2006, Williams drove the Honda to McCarthy Dodge. There, she completed paperwork to purchase a $23,000 car using Tina Louise Williams' identity information, without permission, which defendant Williams had obtained while working at the University of Kansas Medical Center.

Presentence investigation (PSI) reports were prepared in both 05 CR 2265 and 06 CR 1812. The PSI reports revealed five prior identity theft convictions in the state of Washington. The Washington offenses occurred between December 2001 and September 2002, and sentencing for all offenses occurred on December 26, 2002.

While not provided in the record on appeal, the original Kansas PSI reports in both 05 CR 2265 and 06 CR 1812 apparently scored the five prior Washington identity theft convictions as nonperson felonies. The State objected. It claimed that the PSI reports should

score the prior Washington convictions as person felonies because when the offenses were committed in 2001 and 2002, Kansas classified identity theft as a person felony. The district court agreed and the PSI reports were changed from a criminal history score of "E" to "A".

The district court sentenced Williams to concurrent prison sentences of 32 months in 05 CR 2265 and 21 months in 06 CR 1812. The Court of Appeals affirmed the criminal history score calculation but determined that the journal entry of judgment incorrectly listed the 06 CR 1812 conviction as severity level 7 instead of severity level 8. It remanded that issue to the district court for correction. We granted Williams' petition for review on the criminal history score issue only.

More facts will be added as necessary to the analysis.

## ANALYSIS

Issue: *The district court correctly scored Williams' Washington convictions in 2001 and 2002 as person felonies when sentencing for Kansas identity theft convictions for offenses committed in 2005 and 2006.*

The calculation of criminal history score for out-of-state convictions is governed by K.S.A. 21-4711(e). It provides:

"Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. *The state of Kansas shall classify the crime as a person or nonperson. In designating a[n out-of-state] crime as person or nonperson comparable offenses shall be referred to.* If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime." (Emphasis added.)

We agree with the parties that K.S.A. 21-4018, which criminalizes identity theft and identity fraud, expresses the Kansas offense that is comparable to the Washington offense for which Williams was convicted and sentenced in 2001 and 2002. The complicator of the instant case is the change occurring in this statute between the time of Williams' Washington offenses and her 2007 sentencing in Kansas for offenses committed here.

K.S.A. 21-4018 was enacted in 1998 and was originally a class A person misdemeanor. L. 1998, ch. 179, sec. 1. In 2000, the legislature amended 21-4018 by increasing the severity to a level 7 person felony. L. 2000, ch. 181, sec. 8. In 2005, the legislature again amended, this time reducing the severity to a level 8 nonperson felony. L. 2005, ch. 131, sec. 2.

The fundamental rule is that a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively. *State v. Hutchison*, 228 Kan. 279, 287, 615 P.2d 138 (1980). An exception to the fundamental rule is that if the statutory change does not prejudicially affect the substantive rights of the parties and is merely procedural or remedial in nature, it applies retroactively. *State v. Sutherland*, 248 Kan. 96, 106, 804 P.2d 970 (1991).

The 2000 and the 2005 amendments to the Kansas identity theft statute, K.S.A. 21-4018, altered substantive rights by modifying the severity of the punishment for a conviction by reclassifying the crimes as person and nonperson respectively. Therefore, each amendment operates prospectively only. See *Sutherland*, 248 Kan. at 106; *State v. Sylva*, 248 Kan. 118, 119, 804 P.2d 967 (1991). In sum, identity theft was a level 7 person felony in Kansas when Williams committed her Washington crimes, and was convicted and sentenced for them, in 2001 and 2002. While the parties agree that K.S.A. 21-4018 provides the comparable offense, they disagree on whether the 2000 version (person felony) or the 2005 version (nonperson felony) of the statute applies.

### The 2000 version of K.S.A. 21-4018 is the comparable offense

Williams presents two arguments on how this court should determine the correct Kansas comparable offense. First, she argues that the comparable offense should be determined as of the date of her Kansas sentencing for 05 CR 2265 and 06 CR 1812, *i.e.*, February 2007. Accordingly, the offenses in both cases are level 8 nonperson felonies. Because the district court held they were both person felonies, she contends she should be resentenced in both cases.

In the alternative, she argues that the Kansas comparable offense should be determined as of the date she committed the Kansas offenses in 05 CR 2265 (June 2005) and 06 CR 1812 (February-June 2006). Because the law regarding the offense of identity theft changed effective July 1, 2005, her logic produces a level 7 person felony for her earlier offense and a level 8 nonperson felony for her later offense. And because the district court held both were person felonies, she should be resentenced in 06 CR 1812.

The State responds that the comparable Kansas offense should be determined as of the dates that Williams committed the prior Washington offenses: 2001 and 2002. This logic produces level 7 person felonies for both offenses, just as the district court calculated.

Williams relies heavily on *State v. Vandervort*, 276 Kan. 164, 72 P.3d 925 (2003), to argue the comparable offense should be determined as of the date she committed the Kansas offenses. There, the defendant was convicted of two counts of rape, one count of attempted rape, three counts of criminal sodomy, and seven counts of aggravated indecent liberties with a child. All of these events allegedly occurred in Kansas between November 1, 1996 and September 17, 2000. The subsequent PSI report included two 1980 Virginia convictions for indecent liberties and exposure, scoring them as person felonies.

The *Vandervort* Court determined that the comparable offense to the Virginia exposure conviction was K.S.A. 21-3508 (lewd and lascivious behavior). K.S.A. 21-3508 was codified in 1969 and classified lewd and lascivious behavior as a class B misdemeanor, with no designation of person or nonperson. K.S.A. 1969 Supp. 21-3508. The offense remained a class B misdemeanor until 1998, when the statute was amended to classify lewd and lascivious behavior with a person under 16 years of age as a severity level 9 person felony. K.S.A.1998 Supp. 21-3508. The 1998 amendment occurred during the window (1996-2000) in which Vandervort committed the crimes.

The defendant argued that "since it is unclear when the acts occurred giving rise to his convictions in this case, the jury could have convicted him for acts that occurred at any time during the

period between November 6, 1996, and September 17, 2000, reflected in the charging documents." 276 Kan. at 179. This court held:

"[I]t is uncertain when the acts occurred which the jury relied upon to convict Vandervort [in the Kansas case]. Without that determination, Vandervort may have been convicted for acts which occurred prior to July 1, 1998. The State charged Vandervort with acts that occurred during a period between November 1, 1996, and September 17, 2000. The jury was instructed to consider this expansive period. With this uncertainty as to when each act relied upon by the jury occurred, Vandervort must be sentenced with the lower criminal history." 276 Kan. at 180.

The opinion is not crystal clear. But the question of whether the 1998 version (level 9 person felony) or the 1969 version (Class B misdemeanor) of lewd and lascivious behavior was the comparable offense to the 1980 Virginia convictions—because of the date of the commission of the new Kansas offenses—simply was not answered by the court. The *Vandervort* Court instead narrowed its focus to the events that occurred in Kansas between 1996 and 2000.

In contrast to Williams, the State contends *Vandervort* actually supports its position. It argues *Vandervort* stands for the general principle that sentencing " 'parameters for an offense are fixed as of the date of the commission of the offense.' " *Vandervort*, 276 Kan. at 180 (quoting *Sylva*, 248 Kan. at 121). According to the State, we should logically extend this general principle to the current scenario and score the Washington offenses for sentencing purposes according to their Kansas equivalents when the Washington offenses were committed in 2001 and 2002.

We acknowledge that *Vandervort's* general declaration is well-settled in Kansas law. We have long recognized that it is a "fundamental rule for sentencing . . . that the person convicted of a crime is sentenced in accordance with the sentencing provisions in effect at the time the crime was committed." *State v. Overton*, 279 Kan. 547, 561, 112 P.3d 244 (2005); *State v. Woodbury*, 132 Kan. 22, 35, 294 P. 928 (1931) ("It has long been settled that the penalty imposed must be under the law as it stood when the offense was committed."); *State v. Tyree*, 70 Kan. 203, 207, 78 P. 525 (1904)

(holding that sentencing the defendant to a later sentencing scheme enacted after he committed the offense is a constitutional violation of the ex post facto clause). See *State v. Armstrong*, 238 Kan. 559, 566, 712 P.2d 1258 (1986) (because ordinarily the criminal statute in effect at the time the criminal offense was committed is controlling, trial court did not err in refusing to dismiss prosecution for 1983 and 1984 indecent liberties with a child because of statutory changes effective later in 1984 which were to defendant's advantage). *Cf.* K.S.A. 21-4723 ("prosecutions for prior crimes shall be governed, prosecuted and punished under the laws existing at the time such crimes were committed").

The parties have not cited, and we have not been able to locate, Kansas statutes or case law that answers the specific question before us. Certainly the general guidance contained in K.S.A. 21-4711(e) regarding the scoring of out-of-state convictions as person or nonperson by using comparable Kansas offenses is of little help.

We do observe, however, that determining the criminal history of a defendant is an important factor in the present sentencing calculus. See K.S.A. 21-4704 (sentence a product of criminal history and severity level of current crime). Accordingly, using the date of commission of the prior out-of-state crime to calculate the criminal history would be consistent with our fundamental rule of sentencing for a current in-state crime: sentencing in accordance with the penalty provisions in effect at the time the crime was committed. We additionally observe that having the penalty parameters for an offense " 'fixed as of the date of the commission of the offense is fair, logical and easy to apply.' " *Vandervort*, 276 Kan. at 180 (quoting *Sylva*, 248 Kan. at 121). By contrast, using the date of the commission of the current offense to calculate a criminal history which includes out-of-state convictions increases the risk that laws will change in the intervening years, further complicates calculations, and produces irregular results. Williams admits that application of such a rule in the instant case results in one of Williams' prior offenses scoring as a nonperson felony and another identical offense scoring as a person felony.

Our holding is consistent with those of other state courts. Indeed, if Williams had committed her prior crimes in Kansas and

was being sentenced in Washington for current offenses committed there, the Washington court's approach would be consistent with the rule we articulate today for prior crimes being committed in Washington and being sentenced in Kansas for current offenses committed here. Washington state courts compare the elements of an out-of-state crime with the elements of potentially comparable in-state crime "in effect on the date that the out-of-state crime was committed." *State v. Weiand*, 66 Wash. App. 29, 33-34, 831 P.2d 749 (1992); see also *Knarich v. State*, 866 So.2d 165, 170 (Fla. App. 2004) (holding that "[out-of-state] offenses must be compared to offenses that were contained in the Florida Statutes that were in effect at the time the [out-of-state] offenses were committed").

While some state courts compare the prior out-of-state offense to a current in-state crime, they apparently do so only on a statutory basis. See *State v. Reece*, 625 N.W.2d 822, 825-26 (Minn. 2001) (noting Minnesota's "sentencing guidelines' requirement that the sentencing court determine how the foreign offense would have been treated at the time of the current offense"); *Com. v. Bolden*, 367 Pa. Super. 333, 338, 532 A.2d 1172 (1987) (noting that "we are required to score [out-of-state] conviction as we would a 'current equivalent Pennsylvania offense' ").

For Williams' alternative argument, she contends that this court should determine the comparable Kansas offense as of the date of the sentencing for the Kansas crimes. She cites K.S.A. 21-4703(c) which provides,

"criminal history means and includes adult felony, class A misdemeanor, class B person misdemeanor, or select misdemeanor convictions and comparable juvenile adjudications possessed by an offender at the time such offender is sentenced."

Williams reasons that "[b]ecause criminal history is calculated at the time of sentencing, the classification of out-of-state prior offenses as person or nonperson should use comparable offenses that are in existence at the time of sentencing (when criminal history is calculated)." Williams contends that this approach eliminates the irregular results of using the date of commission of the Kansas offenses: one person felony, one nonperson felony. Under her ar-

gument, both Washington offenses would indeed be the same: nonperson felonies.

The definition of criminal history, however, does not address whether convictions should be scored as person or nonperson felonies. Consequently, that definition is not applicable here. Additionally, using the date of sentencing for determining comparable offenses allows manipulation of the sentencing date for one's advantage, a practice frowned upon in Kansas. " 'Neither the State nor a defendant may maneuver a sentencing date to take advantage of or avoid a change in a statute.' " *Vandervort*, 276 Kan. at 180 (quoting *Sylva*, 248 Kan. at 121). See *State v. Martin*, 270 Kan. 603, 610, 17 P.3d 344 (2001).

We conclude the district court correctly ruled that the comparable Kansas offenses are determined by the dates that Williams committed the prior Washington offenses. The opinion of the Court of Appeals is affirmed. Judgment of the district court is affirmed.

DAVIS, C.J., not participating.
LARRY T. SOLOMON, District Judge, assigned.