NOT DESIGNATED FOR PUBLICATION

No. 113,514

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

TERRY L. KING,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 8, 2016. Affirmed.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

*Per Curiam*: Terry L. King appeals the district court's denial of his motion to correct an illegal sentence. Finding no error, we affirm.

In May 2001, in exchange for the State recommending the low number grid box, King pled guilty to one count of aggravated robbery. A presentencing investigation report revealed King to have a criminal history score of A. His score was based in part on four prior Kansas pre-1993 person felony convictions for robbery, voluntary manslaughter, aggravated assault, and aggravated robbery. King was sentenced to 233 months'

1

imprisonment. King appealed his sentence, arguing the district court erred by not following the plea agreement. The Kansas Supreme Court found no err and affirmed King's sentence. *State v. King*, No. 88,162, 2002 WL 1797179 (Kan. 2002) (unpublished opinion). King then filed a pro se motion to withdrawal his guilty plea, which was denied by the district court. This court subsequently affirmed the district court's decision. *King v. State*, No. 97,913, 2008 WL 2571800 (Kan. App. 2008) (unpublished opinion), *rev. denied* 287 Kan. 765 (2008).

On July 11, 2014, King filed a pro se motion to correct an illegal sentence pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), arguing the district court incorrectly classified his four prior in-state felonies as person felonies. The district court denied King's motion finding *Murdock* only applied to out-of-state convictions. King timely appeals.

An illegal sentence, as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). Whether a sentence is illegal within the meaning of K.S.A. 22-3504(1) is a question of law over which the appellate court has unlimited review. *Taylor*, 299 Kan. at 8.

In determining whether prior offenses may be used as person felonies or otherwise be used to enhance a defendant's sentence, the district court is constitutionally prohibited under *United States v. Descamps*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), from making additional factual findings beyond simply identifying the statutory

2

elements of the primary offense. *State v. Dickey*, 301 Kan. 1018, 1039, 350 P.3d 1054 (2015).

King's claim is controlled by the Kansas Supreme Court's recent decision in *Keel*, 302 Kan. at 560. When designating a pre-Kansas Sentencing Guidelines Act (KSGA) conviction as a person or nonperson crime in the criminal history, the court must consider how the crimes would have been classified based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed. *Keel*, 302 Kan. at 581. Contrary decisions in *Murdock*, 299 Kan. at 312 and *State v. Williams*, 291 Kan. 554, Syl. ¶ 4, 244 P.3d 667 (2010), and were specifically overruled by the majority in the *Keel* decision. See 302 Kan. at 581-89. Any doubt as to the treatment of pre-KSGA convictions has been resolved by the legislature in L. 2015, ch. 5, secs. 1-2 (HB 2053), effective April 2, 2015, which amended K.S.A. 2014 Supp. 21-6810 and K.S.A. 21-6811.

Applying *Keel*, we find King's pre-KSGA convictions were properly classified as person offenses. At the time of King's convictions in 2001, the Kansas Criminal Code prohibited the same offenses that comprised King's four disputed convictions: voluntary manslaughter, aggravated assault, robbery, and aggravated robbery. All four convictions were classified as person felonies in 2001. See K.S.A. 21-3403 (Furse 1995); K.S.A. 21-3410 (Furse 1995); K.S.A. 21-3426 (Furse 1995); K.S.A. 21-3427 (Furse 1995); . Following *Keel*, we reject King's argument and find his pre-KSGA convictions were correctly classified as person felonies.

On appeal, King also argues:

"The fact of whether the defendant's previous conviction was a person crime increases the defendant's sentence. When that fact had not been previously been included in the definition of criminal history, changing the definition of the criminal history now requires the legislature to make a finding that was not part of the criminal history at the time of the

original sentence and that increases the legal sentence. Doing so violates the rule set forth in *Apprendi* and its progeny."

The use of criminal history to calculate the presumptive KSGA sentence does not violate due process as interpreted by *Apprendi*. *State v. Williams*, 299 Kan. 911, 941, 329 P.3d 400 (2014) (reaffirming *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 [2002]). In determining whether prior offenses may be used as a person felony or otherwise be used to enhance a defendant's sentence, the district court is constitutionally prohibited under *Apprendi* and *Descamps* from making additional factual findings beyond simply identifying the statutory elements of the primary offense. *Dickey*, 301 Kan. at 1039. Classifying a prior conviction based on the classification in effect for the comparable offense when the current crime was committed does not change the penalty imposed for the earlier conviction and thus complies with the Ex Post Facto Clause of the United States Constitution. See *Keel*, 302 Kan. at 589. In classifying King's prior offenses as person felonies, the district court was not required to make any additional factual findings. The statutory elements of King's four pre-1993 felonies were the same as the statutory elements of the similar offenses at the time of his conviction. The district court did not violate *Apprendi*.

Based on *Keel,* the district court correctly classified King's prior convictions as person felonies. Thus, the district court did not err in denying King's motion to correct an illegal sentence, and we affirm.

Affirmed.

4