NOT DESIGNATED FOR PUBLICATION

No. 122,512

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS E. POWELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed August 20, 2021. Affirmed.

*Mark Sevart*, of Derby, for appellant, and *Dennis E. Powell*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and BURGESS, S.J.

PER CURIAM: Dennis E. Powell appeals the district court's summary denial of his motion to correct an illegal sentence, arguing the district court erred in scoring his Texas robbery convictions as person felonies when it calculated his criminal history score and imposed his sentence in March 2017. Powell did not appeal his convictions, and his sentence became final 14 days after he was sentenced. Powell now claims *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), should have applied to him. Because *Wetrich* was decided after Powell was sentenced, the controlling law in effect when

1

Powell was sentenced was *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). Therefore, the district court did not err in scoring Powell's prior out-of-state convictions as person felonies when calculating his criminal history score. We affirm.

FACTS

On August 29, 2016, Powell went to a convenience store in Sedgwick County, pointed a handgun at the clerk, and demanded money. The State charged Powell with aggravated robbery, two counts of aggravated assault with a deadly weapon, and criminal possession of a weapon by a convicted felon. Powell pled no contest to and was convicted of all four counts.

In March 2017, the district court sentenced Powell, finding his criminal history score was B based on Powell's two prior robbery convictions from Texas. Powell did not object to his criminal history score. The district court denied Powell's motion for a durational departure and sentenced him to 228 months' imprisonment for count one, aggravated robbery, and 13 months' imprisonment for count two, aggravated assault, to run consecutive. The district court also sentenced Powell to 13 months' imprisonment for count three, aggravated assault, and 9 months' imprisonment for count four, criminal possession of a weapon by a convicted felon, to run concurrent with counts one and two. Powell received a controlling sentence of 241 months' imprisonment with 36 months' postrelease supervision.

In January 2018, Powell filed a pro se motion to vacate his sentence and withdraw his pleas. In his motion, he admitted "no [direct] appeal was taken." Powell also asserted many other claims for relief. The State responded to Powell's motion, arguing he was not entitled to any relief.

After conducting a hearing, the district court denied Powell's motion, finding there was no reason to allow Powell to withdraw his pleas. Powell appealed but later voluntarily dismissed his appeal.

Powell then filed a pro se motion to correct an illegal sentence on May 6, 2019, alleging the district court erred by imposing a sentence based on an erroneous criminal history score using the two prior person felony robbery convictions from Texas. Powell then filed two more motions in May 2019 to correct an illegal sentence, again alleging an erroneous criminal history score. Then, he filed a "Motion to Amend [and] Leave to File," asking the district court to replace his prior filed motions with his new motion because of "recent and evolving law and judicial holdings."

In July 2019, Powell filed a pro se motion for supplemental briefing. In his motion, he acknowledged he misunderstood *Wetrich*. Powell recognized *Wetrich* was not in effect when the district court pronounced his sentence but argued, under a different standard than *Wetrich*, his Texas robbery convictions were not comparable to Kansas robbery. In August 2019, Powell filed a "Supplemental Argument/'Addition to Briefing,'" to clarify his prior out-of-state robbery convictions were "'most comparable' and 'closest in approximation' to the nature [and] conduct of the Kansas theft offense." Powell also asserted Texas' robbery statute was broader than Kansas' statute and his prior Texas convictions should not be classified as person felonies to determine his criminal history score. The district court summarily denied all of Powell's motions seeking relief for an illegal sentence, explaining his Texas robbery convictions were properly scored as person felonies because the Kansas offense was comparable. Powell also filed a supplemental pro se brief with us.

ANALYSIS

Powell asks us to remand the case to the district court for a new sentencing hearing, claiming the district court erred at the time of his sentencing when it calculated his criminal history score using two Texas robbery convictions as prior person felonies. The State responds Powell's sentence was final before our Supreme Court decided *Wetrich* and Powell's Texas offenses need only be comparable, not identical to Kansas' offenses.

Whether a sentence is illegal within the meaning of K.S.A. 2020 Supp. 22-3504 turns on interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq. See *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) (*Dickey II*). An "'[i]llegal sentence'" as defined by K.S.A. 2020 Supp. 22-3504(c)(1) is "a sentence:  Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." To determine whether a prior conviction should be designated as a person or nonperson offense involves statutory interpretation of the KSGA, which is a question of law subject to unlimited review. *Keel*, 302 Kan. at 571-72.

*Powell was sentenced in compliance with the law.*

In *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010), *overruled by Keel*, 302 Kan. 560, our Supreme Court addressed how out-of-state convictions should be classified for criminal history purposes under the applicable statutory provision in effect at the time, K.S.A. 21-4711(e), repealed L. 2010, ch. 136, § 307 (effective July 1, 2011). *Williams*, 291 Kan. at 556.

K.S.A. 21-4711(e) provided:

> "Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating [an out-of-state] crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime."

In *Williams*, the issue was which version of the Kansas statute should be looked to in designating the prior crime as person or nonperson—specifically, should the sentencing court look to the comparable Kansas offense in effect at the time the out-of-state crime was committed or the comparable Kansas offense at the time of the current crime of conviction. The Supreme Court rejected Williams' argument that *State v. Vandervort*, 276 Kan. 164, 72 P.3d 925 (2003), *overruled in part by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*), required her prior Washington identity theft convictions to be classified based on the comparable Kansas statutes in effect when she committed her Kansas crimes of conviction. *Williams*, 291 Kan. at 558-60. But *Williams* did not overrule *Vandervort*; it simply held *Vandervort* did not apply in the manner Williams argued. 291 Kan. at 560. The *Williams* court believed no controlling law existed on the question presented, stating:

> "The parties have not cited, and we have not been able to locate, Kansas statutes or case law that answers the specific question before us. Certainly the general guidance contained in K.S.A. 21-4711(e) regarding the scoring of out-of-state convictions as person or nonperson by using comparable Kansas offenses is of little help." 291 Kan. at 560.

In *Keel*, our Supreme Court held the *Williams* court erroneously concluded *Vandervort* was inapplicable, stating:

"Our re-examination of *Williams* today leads us to believe that its departure from *Vandervort* was a mistake and that it led to an unintended emasculation of the established sentencing rule that the penalty parameters for an offense are fixed on the date the offense was committed. See *State v. Sylva*, 248 Kan. 118, 120-21, 804 P.2d 967 (1991)." *Keel*, 302 Kan. at 582.

*Keel* further stated:

"In short, *Vandervort* stood for the proposition that a prior conviction should be classified for criminal history purposes based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed, and *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010), did not fully acknowledge *Vandervort*'s application of this rule. Consequently, *Williams* failed to apply the rule to the classification issue before it." 302 Kan. at 585.

*Keel* overruled *Williams* and also overruled *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*), "[b]ecause the result reached in [*Murdock I*] was dictated by *Williams*." 302 Kan. at 589. The *Keel* court stated its decision aligned with the 2015 legislative amendments to K.S.A. 2014 Supp. 21-6810 and K.S.A. 2014 Supp. 21-6811 (formerly K.S.A. 21-4710 and K.S.A. 21-4711, respectively). 302 Kan. at 590. However, *Keel*'s holding was expressly grounded in prior caselaw.

"Based on *Vandervort* and *Sylva*, the punishment for a current crime is set at the time the crime is committed. Thus, the classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." 302 Kan. at 589-90.

6

*Vandervort* was good law when it was decided in 2003. It was still good law and should have been applied when *Williams* was decided in December 2010. *Vandervort* was also the basis for the decision in *Keel*; thus, it was necessarily still good law when *Keel* was decided in August 2015. See *Keel*, 302 Kan. at 585, 589-90.

Powell committed his current crime of conviction in August 2016, and the district court sentenced him in March 2017. *Keel* was the controlling law in effect at the time Powell was sentenced. Based on *Keel*, Powell's two 1990 Texas robbery convictions were properly classified as person offenses based on the 2016 version of Kansas' robbery statute, which classified robbery as a person felony. See K.S.A. 2016 Supp. 21-5420(c)(1); *Keel*, 302 Kan. at 589-90.

The *Vandervort* court explained offenses need only be "comparable, not identical" and the "closest approximation" for determining criminal history. 276 Kan. at 179. The issue of whether the Texas robbery statute is comparable to the Kansas robbery statute has already been addressed by another panel of this court in *State v. Moulin*, No. 120,326, 2019 WL 5485147, at *2-4 (Kan. App. 2019) (unpublished opinion) (Kansas and Texas robbery statutes were comparable), *rev. denied* 312 Kan. 898 (2020). We see no reason to not follow the *Moulin* panel's analysis.

*Wetrich*, however, was a change in the law as our Supreme Court interpreted the term "comparable" as used within K.S.A 2017 Supp. 21-6811(e), based on the legislative history of the KSGA. 307 Kan. at 559-560; see *State v. Murdock*, 309 Kan. 585, 591-92, 439 P.3d 307 (2019) (*Murdock II*); *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019). The *Wetrich* court explained "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562.

Powell argues the *Wetrich* standard should apply because his case was on appeal from April 17, 2018, through July 3, 2019, during which time *Wetrich* was decided. The State points out Powell's case was not on direct appeal during that time but on appeal from the district court's denial of Powell's motion to vacate his sentence and withdraw his plea. Powell's argument is unpersuasive.

The rule announced in *Murdock II* did not "disturb our longstanding rule that in a *direct appeal*, a defendant will receive the benefit of any change in the law that occurs while the *direct appeal* is pending. See, e.g., *State v. Ford*, 302 Kan. 455, 471, 353 P.3d 1143 (2015) ('[I]t is generally true that changes in the law apply prospectively and only to cases on direct review.')." (Emphases added.) *Murdock II*, 309 Kan. at 591. Here, Powell suggests he could not file a direct appeal from a guilty plea unless he first filed a motion to withdraw his plea and the trial court denied the motion. The State correctly explains Powell failed to file a direct appeal within 14 days after his sentencing on March 3, 2017, and his sentence, therefore, became final on March 17, 2017. See 2020 Supp. K.S.A. 22-3608(c) ("[D]efendant shall have 14 days after the judgment of the district court to appeal."). Our Supreme Court has also noted: "A guilty plea does not surrender a defendant's right to appeal a sentence." *State v. Hall*, 292 Kan. 862, 868, 257 P.3d 263 (2011).

The Supreme Court decided *Wetrich* after Powell was sentenced; therefore, *Wetrich* represents a subsequent change in the law. As our Supreme Court stated in *Murdock II*: "[A] pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591. This principle was reiterated in *State v. Dawson*, 310 Kan. 112, 116, 444 P.3d 914 (2019), where our Supreme Court stated: "If the sentence was legal when originally imposed, a subsequent change in the law cannot transform a legal sentence into an illegal sentence." Powell's prior out-of-state robbery convictions were properly classified as person felonies under

8

the closest approximation test, and his sentence became final before *Wetrich* was decided. Powell's sentence was legal when pronounced on March 3, 2017; complied with the law in effect at the time; and became final when the time to appeal ran on March 17, 2017. Because Powell's sentence is final and cannot be changed, we decline to address the other arguments he presents on appeal.

Affirmed.