NOT DESIGNATED FOR PUBLICATION

No. 123,825

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BYRON K. JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed December 23, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Byron Johnson appeals the denial of his motion to correct an illegal sentence. He argues the short-lived rule announced by our Supreme Court in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*)—that all pre-1993 out-of-state convictions had to be scored as nonperson offenses for criminal history purposes, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015)—applies to his 2011 sentencing because the *Murdock I* rule was dictated by the Supreme Court in *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010), *overruled by Keel*, 302 Kan. 560. Finding that *Murdock I* does not apply, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Johnson was convicted of one count of rape and four counts of aggravated incest between 2005 and 2009. At sentencing in November 2011, the court scored Johnson's criminal history as C based in part on a 1992 Illinois armed robbery conviction designated as a person felony. He was sentenced to 400 months in prison. His convictions and sentence were affirmed on appeal. *State v. Johnson*, No. 107,524, 2013 WL 2321167 (Kan. App. 2013) (unpublished opinion). The appellate mandate was filed in October 2013.

In May 2014, our Supreme Court held all out-of-state pre-1993 crimes must be scored as nonperson offenses for criminal history purposes. *Murdock I*, 299 Kan. at 319.

In July 2014, Johnson filed a motion to correct an illegal sentence. He argued his Illinois conviction must be scored as a nonperson felony under *Murdock I*. In July 2015, the district court summarily denied the motion, finding that the statutory amendments made by 2015 House Bill No. 2053 in response to *Murdock I* operated retroactively. Johnson timely appealed that decision. For reasons unknown, the appeal was not docketed until this year.

ANALYSIS

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 2020 Supp. 22-3504(a). The legality of a sentence is controlled by the law in effect at the time the sentence was pronounced. A sentence that was legal when pronounced does not become illegal if the law subsequently changes. *State v. Murdock*, 309 Kan. 585, Syl., 439 P.3d 307 (2019) (*Murdock II*).

2

An offender's sentence in Kansas is determined in part by the offender's criminal history. The sentencing court assigns the offender a criminal history score based on the number and type of their prior convictions. At the time of Johnson's sentencing, K.S.A. 21-4711(e) provided prior out-of-state convictions should be classified as person or nonperson based on the comparable Kansas offense:

> "Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history. . . . The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime."

Initially, to determine an offender's criminal history score, Kansas courts compared the prior out-of-state crime to the Kansas offense in effect when the offender committed their current crimes. In *State v. Vandervort*, 276 Kan. 164, 178-80, 72 P.3d 925 (2003), *overruled in part by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), the court compared Vandervort's 1980 Virginia convictions to the Kansas offenses in effect when Vandervort committed his current crimes sometime between 1996 and 2000. Because the comparable Kansas crime was classified as a nonperson crime prior to 1998, and Vandervort's current crimes may have occurred before 1998, the court held the prior crimes had to be scored as nonperson offenses. *Vandervort*, 276 Kan. at 178-80.

But then the *Williams* court misread *Vandervort*. In *Williams*, the issue was whether Williams' 2001 and 2002 Washington convictions for identity theft should be scored as person offenses. When Williams committed and was sentenced for her Washington crimes, identity theft in Kansas was a person felony. But in 2005, the Kansas Legislature amended the statute reducing identity theft to a nonperson felony. Williams committed her current offenses in June 2005 and in 2006. The *Williams* court held that when designating out-of-state convictions as person or nonperson, "the comparable

3

offenses in Kansas shall be determined as of the date the defendant committed the out-of-state crimes." 291 Kan. 554, Syl. ¶ 4. But *Williams* did not involve a pre-1993 prior offense. The opinion was issued in December 2010.

After *Williams*, panels of this court applied the *Williams* holding when the prior out-of-state offense at issue was committed after the Kansas Sentencing Guidelines Act was adopted in 1993. But when the prior out-of-state offense occurred prior to 1993, this court continued to compare the out-of-state offense to current guideline's offenses. See *Murdock I*, 299 Kan. at 316.

Then, in May 2014, came *Murdock I*. Our Supreme Court reversed a Court of Appeals panel and held Murdock's 1984 and 1990 Illinois robbery convictions had to be scored as nonperson felonies because Kansas did not begin classifying offenses as person or nonperson until 1993. In doing so, the Supreme Court criticized the panel for not addressing *Williams* in its decision. Following its *Williams* precedent, the *Murdock I* court held all out-of-state pre-1993 crimes had to be classified as nonperson offenses. 299 Kan. at 315-19.

*Murdock I* was quickly overruled by *Keel*, 302 Kan. 560. The *Keel* court recognized that *Williams* was wrongly decided and, since *Murdock I* followed from *Williams*, the *Keel* court overruled both *Williams* and *Murdock I*. *Keel*, 302 Kan. at 589. The *Keel* court held the classification of a prior conviction as a person or nonperson offense for criminal history purposes "is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." 302 Kan. at 590.

In *Murdock II*, the court held "the legality of a sentence is determined by the law in effect at the time the sentence was pronounced." 309 Kan. at 592. The court noted that *Murdock I* was controlling law "for a short window of time" and "in effect when

Murdock's second sentence was pronounced." *Murdock II*, 309 Kan. at 593. Thus, *Keel* did not render Murdock's second sentence illegal. *Murdock II*, 309 Kan. at 593.

The issue in this case is whether the *Murdock I* rule—that pre-1993 out-of-state convictions had to be scored as nonperson offenses for criminal history purposes—was in effect when Johnson was sentenced because the *Murdock I* holding followed from the 2010 *Williams* decision.

There is no question that *Williams* was law when Johnson was sentenced. But while the *Murdock I* holding may have followed from *Williams*, it was a leap that no appellate court made in the four years between *Williams* and *Murdock I*. It was a leap too far, which the Supreme Court quickly recognized. *Williams* did not involve the classification of a pre-1993 conviction. *Vandervort* did involve the classification of a pre-1993 conviction.

Another panel of this court analyzed this same issue in *State v. Adams*, 58 Kan. App. 2d 933, 476 P.3d 796 (2020), *rev. denied* 312 Kan. 893 (2021). The *Adams* panel reasoned that *Murdock I* was a change in the law and did not apply to Adams' sentence that was final after *Williams* but before *Murdock I*. *Adams*, 58 Kan. App. 2d at 945-46.

> "*Williams* clearly applied to out-of-state offenses committed after the enactment of the KSGA. However, between the time *Williams* was decided—December 10, 2010—and the date Adams' direct appeal mandate was issued—September 5, 2013—no Kansas appellate court had applied *Williams*' holding to preKSGA out-of-state convictions. See *Murdock I*, 299 Kan. at 316; *State v. Mitchell*, No. 104,833, 2012 WL 1649831, at *7 (Kan. App. 2012) (unpublished opinion); *State v. Mims*, No. 103,044, 2011 WL 4563068, at *5 (Kan. App. 2011) (unpublished opinion); *State v. McKinney*, No. 102,906, 2010 WL 5185779, at *1 (Kan. App. 2010) (unpublished opinion). Accordingly, the relief Adams now seeks would not have been available to him during the pendency of his direct appeal based on then-existing caselaw applying *Williams*." *Adams*, 58 Kan. App. 2d at 942.

Before Johnson's sentence was final, no appellate court decision applied *Williams* in the manner the *Murdock I* court did. The *Murdock I* holding was not the law in effect when Johnson was sentenced. Johnson is entitled to no relief.

Affirmed.