IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,525

STATE OF KANSAS,
*Appellee*,

v.

KENO M. CLAIBORNE,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under K.S.A. 2020 Supp. 22-3717(b)(3), for murders committed between July 1, 1993, and July 1, 1999, defendants are eligible for parole after serving 15 years of confinement.

2.

The phrase "life parole" means that defendants are subject to parole for the remainder of their lives after they have been released after having served their minimum prison terms for off-grid crimes.

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed May 6, 2022. Affirmed.

*Gerald E. Wells,* of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

*Natalie A. Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: In 1994, the district court sentenced Keno M. Claiborne to life imprisonment, subject to the possibility of parole after 15 years, for first-degree murder and other crimes. In 2018, Claiborne moved pro se to correct an illegal sentence, arguing the 15-to-life sentence was disproportionate punishment and that the sentencing court had no authority to impose lifetime postrelease supervision. Without holding a hearing, the district court summarily denied the motion, and Claiborne took an appeal to this court.

His counsel formulates his issue on appeal this way: "[Claiborne's] sentence is ambiguous as to the time and manner it is to be served." He then argues that the sentence, as pronounced by the court and set out in the journal entry of sentencing, was unclear as to whether it included the statutorily mandated parole for the remainder of his life after his possible eventual release or, instead, imposed postrelease supervision, which applies only to grid crimes and would therefore be illegal. The record and caselaw do not support his argument.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). When a district court summarily denies a motion to correct illegal sentence, the appellate court applies a de novo standard of review because the appellate court has the same access to the motion, records, and files as the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

The Legislature has mandated that, for murders committed between July 1, 1993, and July 1, 1999, a defendant "shall be eligible for parole after serving 15 years of confinement . . . ." K.S.A. 2020 Supp. 22-3717(b)(3).

2

At sentencing, the judge explicitly stated that the penalty for murder conviction would be life and it would be 15 years before Claiborne would have "his first date to see the parole board." The journal entry of sentencing reflected this sentence, as well as the judge's decision to run that sentence consecutive to the sentences for the subordinate crimes. The journal entry read: "PRISON SENTENCE: Life + 102 months of prison, followed by life parole."

Claiborne submits that his sentence was ambiguous because the court did not clarify whether he was subject to lifetime parole after a minimum of 15 years' incarceration or lifetime postrelease supervision. He claims the phrase "life parole" is not a term of art and has no legal meaning. This claim is erroneous. This court has expressly used the phrase to describe the statutorily mandated minimum term followed by parole for the duration of the defendant's life:

> "'In Kansas, off-grid crimes are not associated with periods of postrelease supervision but instead are followed by *life parole*. See K.S.A. 22-3717(b)(2). K.S.A. 21-4720 makes it clear that in cases (as here) where a defendant is being sentenced for both off-grid and on-grid crimes, the court only has authority to impose the supervision period associated with the off-grid crime. In other words, a court must impose *life parole*.'" (Emphases added.) *State v. Ross*, 295 Kan. 1126, 1131, 289 P.3d 76 (2012) (quoting *State v. Torres*, No. 99,308, 2009 WL 862166 [Kan. 2009] [unpublished opinion]).

It is evident this court had recognized the phrase "life parole" means exactly what the statutory scheme calls for: lifetime parole status for defendants released after serving their minimum terms of incarceration for off-grid crimes.

Claiborne's sentence was not ambiguous and was not illegal. The decision of the district court is affirmed.

WILSON, J., not participating.

3