IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,861

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER MICHAEL JACOBSON,
*Appellant.*

SYLLABUS BY THE COURT

The law existing at the time of the original sentencing determines a sentence's legality when a case arises from a motion to correct an illegal sentence.

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 22, 2023. Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Oral argument held March 28, 2024. Opinion filed July 26, 2024. Judgment of the Court of Appeals reversing the district court, vacating the sentence, and remanding the case with directions is reversed. Judgment of the district court is affirmed.

*Emily Brandt*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Daniel G. Obermeier*, assistant district attorney, argued the cause, and *Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

1

BILES, J.: The State seeks review of a Court of Appeals panel's decision ordering resentencing of Christopher Michael Jacobson, who appealed the denial of his motion to correct an illegal sentence. See *State v. Jacobson*, No. 124,861, 2023 WL 6171951, at *4 (Kan. App. 2023) (unpublished opinion). The State argues the panel's opinion conflicts with *State v. Clark*, 313 Kan. 556, 572-73, 486 P.3d 591 (2021), which held the date of original sentencing determines the applicable law for a motion to correct sentence. We agree with the State.

Our law distinguishes between a direct appeal from sentencing and an appeal from denial of a motion to correct an illegal sentence. In a direct appeal, the defendant benefits from changes in the law occurring during the appeal process. But that is not true for the latter, which is where Jacobson's case falls. See *Clark*, 313 Kan. at 572-73. The panel mistakenly treated the appeal of his motion to correct an illegal sentence like a direct appeal. We reverse the panel.

FACTUAL AND PROCEDURAL BACKGROUND

Jacobson pled guilty to one count of robbery, a severity level five, person felony, for his conduct of knowingly taking a vehicle by force on December 13, 2013. See K.S.A. 21-5420(a) ("Robbery is knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person."). The district court accepted his plea and sentenced him in May 2015 to 130 months in prison based on a criminal history score of A.

In 2019, Jacobson moved to correct an illegal sentence, claiming his criminal history score was wrong when he was sentenced four years earlier. The district court denied the motion and he appealed. During the appeal process, the parties agreed his sentence was illegal. The Court of Appeals granted a joint motion to remand in a

2

dispositional order, relying on *State v. Smith*, 309 Kan. 929, 930, 441 P.3d 472 (2019) (remanding for resentencing to exclude defendant's Missouri municipal ordinance violation because municipal ordinance violations are not crimes in Missouri). The order directed the district court to exclude Jacobson's Missouri municipal ordinance violations from his criminal history score. It also noted the parties could raise other criminal history issues at resentencing.

Based on that invitation, Jacobson sought to reclassify his two attempted first-degree robbery convictions in Missouri as nonperson felonies. At the resentencing hearing, the parties debated whether the district court should apply *State v. Vandervort*, 276 Kan. 164, 72 P.3d 925 (2003), or *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018). See *Clark*, 313 Kan. at 571 (noting *Wetrich* altered *Vandervort*'s interpretation of how K.S.A. 21-6811[e] classifies out-of-state convictions for calculating an offender's criminal history score). Jacobson argued *Wetrich* applied and required classification as nonperson crimes.

The district court ultimately followed *Vandervort* and declined to reclassify the Missouri convictions because Missouri first-degree robbery most closely compared to Kansas robbery and aggravated robbery under *Vandervort*'s test. It then excluded Jacobson's Missouri municipal ordinance violations as directed by the earlier panel, reduced his criminal history score to B, and resentenced him to 120 months' imprisonment.

Jacobson appealed, insisting that *Wetrich* required the district court to classify the Missouri convictions as nonperson crimes. The new panel agreed, vacated the sentence, and remanded the case once again—this time ordering the district court apply *Wetrich*. *Jacobson*, 2023 WL 6171951, at *6. The State petitioned our court for review, which we granted. Jurisdiction is proper. K.S.A. 20-3018(b) (providing for petitions for review of

3

Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

To decide whether *Vandervort* or *Wetrich* applies to Jacobson's case, we must determine if the panel correctly categorized his resentencing challenge as a direct appeal from sentencing instead of an illegal sentence proceeding's continuation. If not, the law in effect at his original sentencing hearing controls. See *Clark*, 313 Kan. at 572-73. We hold the panel erred, and that *Vandervort*, the law in effect when Jacobson was originally sentenced, controls.

*Standard of review*

"Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review." *State v. Claiborne*, 315 Kan. 399, 400, 508 P.3d 1286 (2022).

*Discussion*

K.S.A. 22-3504(a) allows courts to "correct an illegal sentence at any time while the defendant is serving such sentence." A sentence "that does not conform to the applicable statutory provision" is illegal. K.S.A. 22-3504(c)(1). So, Jacobson's sentence, which is partially based on the classification of his Missouri convictions, must conform to K.S.A. 2013 Supp. 21-6811(e) ("The state of Kansas shall classify the crime as person or nonperson."). See *State v. Gales*, 312 Kan. 475, Syl. ¶ 2, 476 P.3d 412 (2020) ("The penalty parameters for an offense are fixed on the date the offense was committed.").

4

To classify out-of-state convictions under K.S.A. 2013 Supp. 21-6811(e), a court refers to "comparable offenses" in Kansas—but how to compare offenses changes based on whether *Vandervort* or *Wetrich* governs. Under *Vandervort*, the "closest approximation test" required comparable offenses "need only be comparable, not identical." *Vandervort*, 276 Kan. at 179. This test was in effect from its publication on July 25, 2003, to March 9, 2018, when the court reinterpreted K.S.A. 21-6118(e) in *Wetrich*. See *Wetrich*, 307 Kan. at 562. Under *Wetrich*, an out-of-state conviction is comparable to a Kansas offense only if the crime's elements are not broader than the Kansas crime's elements. 307 Kan. at 562 ("In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced."); see also *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019) (confirming *Wetrich* was a change in the law); K.S.A. 22-3504(c)(2) ("'Change in the law' means a statutory change or an opinion by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction.").

Deciding which caselaw applies requires separately determining what K.S.A. 22-3504 means by "the sentence"—because *Vandervort* would govern Jacobson's original 2015 sentence, while *Wetrich* would govern his 2022 resentencing. See K.S.A. 22-3504(c)(1) (An illegal sentence "does not conform to the applicable statutory provision . . . at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced."), (c)(2) (An appellate court opinion "issued while the sentence is pending an appeal from the judgment of conviction" is not a change in the law.).

In the Court of Appeals, Jacobson argued "the sentence" must be his resentencing in 2022 because the original sentence was vacated. And from that perspective, he views the current proceeding as a "direct appeal," rather than a continuation of his 2019 motion

5

to correct an illegal sentence, citing *State v. Smith*, No. 118,042, 2020 WL 2504566, at *10-11 (Kan. App. 2020) (unpublished opinion). The State countered that "the sentence" means the one pronounced in 2015 and that a sentence's legality is always determined by the law in effect on the original sentencing date, relying on *Clark*, 313 Kan. at 572, which effectively overruled *Smith*.

The panel tried to distinguish Jacobson's case from *Clark* in order to follow *Smith*. It was wrong to do so. In *Smith*, the defendant's original sentence in 2006 was upheld on direct appeal. That sentence was later vacated in a separate appeal stemming from a motion to correct an illegal sentence. On remand, the district court resentenced him in 2017. Smith appealed again, asking whether the law in effect at his original 2006 sentencing or at the 2017 resentencing should apply. The panel majority held the law in 2017 applied, reasoning:

> "The order vacating Smith's original sentence became final when our Supreme Court denied the State's petition for review. That action marked the end of the proceedings on Smith's motion to correct illegal sentence. . . . Smith timely appealed from that sentence—his only sentence that has any operative effect. This constitutes a direct appeal of his sentence imposed by the district court on May 12, 2017." *Smith*, 2020 WL 2504566, at *11.

So, the *Smith* majority concluded the defendant should receive "'the benefit of a change in the law during the pendency of a direct appeal'" and applied *Wetrich*. 2020 WL 2504566, at *11 (quoting *State v. Murdock*, 309 Kan. 585, 591-92, 439 P.3d 307 [2019]). Judge Powell, however, dissented:

> "I concur with the State's argument that *the appeal before us is not a direct appeal case but an appeal in a motion to correct an illegal sentence case, which is a collateral attack on a sentence.* I submit my view is bolstered by our illegal sentence statute, which

6

describes a direct appeal as 'an appeal from the judgment of conviction.' K.S.A. 2019 Supp. 22-3504(c)." (Emphasis added.) 2020 WL 2504566, at *16 (Powell, J., dissenting).

About a year later, we examined that same question in *Clark*. There, the defendant was originally sentenced in 2005 and moved to correct his sentence in 2017, which the district court denied. On appeal, a Court of Appeals panel vacated the original sentence and remanded for resentencing in line with *Wetrich*. See *State v. Clark*, No. 119,076, 2019 WL 1746772 (Kan. App. 2019) (unpublished opinion). But before resentencing, new caselaw called the panel's decision into question. Still, the district court resentenced Clark in 2019 under *Wetrich* based on the current law in effect, noting it was bound by the appellate court's mandate. The State appealed, arguing the new caselaw clarified that the sentence should be based on the law in effect in 2005. A different Court of Appeals panel agreed this time with the State. See *State v. Clark*, No. 121,789, 2020 WL 1903820 (Kan. App. 2020) (unpublished opinion).

On review, we identified the issue as "whether Clark's sentence is controlled by the law in effect at the time of his original sentence in 2005 or the law in effect at the time of his resentencing in 2019." *Clark*, 313 Kan. at 558. We determined "the sentence" in K.S.A. 22-3504(c) means the original sentence, explaining:

> "[F]or purposes of determining the legality of Clark's sentence, *the law from the date of his original sentencing should control. After all, this case arose from Clark's 2017 motion to correct his 2005 sentence*. Clark's resentencing in 2019 only occurred because [the first panel] held his 2005 sentence was illegal—a holding that became erroneous as a result of decisions we issued prior to Clark's resentencing in 2019. Thus, if Clark's sentence was lawful in 2005, he should have never been resentenced in 2019.
>
> . . . .

7

". . . The legality of Clark's sentence became 'fixed' when his sentence was pronounced in 2005. Thus, whether his prior Oklahoma conviction is comparable to a Kansas offense should be determined under the law as it existed in 2005." (Emphasis added.) 313 Kan. at 572-73.

As the State correctly observes here, our conclusion in *Clark* effectively overruled *Smith*. Compare *Clark*, 313 Kan. at 572 (determining the original sentencing date controls the law in effect), with *Smith*, 2020 WL 2504566, at *11 (determining the resentencing date controls the law in effect). But the *Jacobson* panel applied *Smith* anyway, believing *Clark* to be inapplicable. It reasoned:

"[O]ur Supreme Court determined Clark's original sentence was lawful and he never should have been resentenced. In other words, *the legality of Clark's sentence became '"fixed at a discrete moment in time"' when his **lawful** sentence was pronounced at his original sentencing*.

"*Here, Jacobson's original sentence was **illegal***. Thus, it was necessary for Jacobson's original sentence to be vacated and for the district court to resentence him. *The legality of Jacobson's sentence is controlled by the law in effect at the time of his resentencing in 2022 for his current crime of conviction.* The proceedings on Jacobson's motion to correct illegal sentence and the order vacating Jacobson's original sentence became final when we issued our mandate on August 20, 2021. *This appeal is not a continuation of the prior proceedings involving Jacobson's 2019 motion to correct illegal sentence*. On remand, the district court resentenced Jacobson as directed by this court. *Jacobson's current appeal is from the new sentence imposed in 2022—'the only sentence that has any operative effect*.' Because this is Jacobson's direct appeal from his new sentence, he '"may seek and obtain the benefit of a change in the law during the pendency of [his] direct appeal."' [Citations omitted.]" (Emphases added.) *Jacobson*, 2023 WL 6171951, at *4.

8

The panel's logic misses the mark in several ways. First, it deviates from *Clark*'s unambiguous holding that a case arising from a motion to correct an illegal sentence determines legality by the law existing at the time of the original sentencing. *Clark* noted remand is part of the journey initiated by such a motion, which ends once the illegal sentence is corrected. See *Clark*, 313 Kan. at 572-73 ("After all, this case arose from Clark's 2017 motion to correct his 2005 sentence.").

Second, at no point does *Clark* suggest the law's application should vary based on the original sentence's legality. The statutory language does not differentiate between original sentencing and resentencing. See K.S.A. 22-3504. Instead, it merely provides a sentence's legality is fixed at a discrete moment when it is pronounced. K.S.A. 22-3504(c)(1). This is simple, fair, and consistent with K.S.A. 22-2103 ("[The Kansas Code of Criminal Procedure] is intended to provide for the just determination of every criminal proceeding. Its provisions shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.").

Third, nothing justifies how the panel's decision results in different law applying from one defendant to another, depending on their original sentence's legality. For example, consider a hypothetical defendant in similar circumstances to Jacobson. In this scenario, the defendant commits the same offense in 2013, was sentenced in 2015, and subsequently moved to correct an illegal sentence in 2019. But unlike Jacobson, the original sentencing court correctly sentenced the defendant in 2015 by excluding Missouri municipal ordinance violations in the criminal history score. To classify our hypothetical defendant's Missouri felony convictions, the *Jacobson* panel would apply *Vandervort*, even though it applied *Wetrich* to Jacobson because the original sentencing court mistakenly included the municipal violations. In other words, the panel's reasoning allows Jacobson—but not our hypothetical defendant—to benefit from a change in the law. How is this fair?

9

Fourth, the *Jacobson* panel mistook the meaning of "direct appeal" when categorizing Jacobson's case. Typically, criminal defendants challenge their sentence in three ways: (1) a direct appeal from sentencing, (2) an appeal from a district court's denial of a motion to correct an illegal sentence under K.S.A. 22-3504, and (3) a civil proceeding collaterally challenging the sentence under K.S.A. 60-1507. *State v. Phinney*, 280 Kan. 394, 398-99, 122 P.3d 356 (2005). In *Murdock*, the court clarified:

"[*F*]*or purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law.*

"*Here, we pause to note that today's holding does not disturb our longstanding rule that in a direct appeal, a defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending.* See, e.g., *State v. Ford*, 302 Kan. 455, 471, 353 P.3d 1143 (2015) ('[I]t is generally true that changes in the law apply prospectively and only to cases on direct review.'). To the extent our prior caselaw confused the procedural mechanism of a direct appeal with a motion to correct an illegal sentence, we now clarify the distinction. Put simply, a party may seek and obtain the benefit of a change in the law during the pendency of a direct appeal, *but a party moving to correct an illegal sentence is stuck with the law in effect at the time the sentence was pronounced.*" (Emphases added.) *Murdock*, 309 Kan. at 591-92.

An appeal from sentencing or resentencing necessarily falls under the first method when that appeal is directly "from the judgment of conviction," not an appeal of a district court's ruling on a motion to correct an illegal sentence, which is the second method. See K.S.A. 22-3504(c)(2). But the *Jacobson* panel categorized the present case as a direct appeal based on an inapplicable statute by following *Smith*. *Jacobson*, 2023 WL 6171951, at *4; see also *Smith*, 2020 WL 2504566, at *11 (relying erroneously on an interpretation of K.S.A. 60-1507 in *Baker v. State*, 297 Kan. 486, Syl., 303 P.3d 675 [2013]). The panel's decision is inconsistent with K.S.A. 22-3504(c) and *Clark*.

10

Judgment of the Court of Appeals vacating the sentence and remanding the case for resentencing is reversed. Judgment of the district court is affirmed.