NOT DESIGNATED FOR PUBLICATION

No. 127,082

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT E. BARBER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON, JR., judge. Submitted without oral argument. Opinion filed August 29, 2025. Affirmed.

*Robert E. Barber,* appellant pro se.

No appearance by appellee.

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Robert E. Barber once again attacks the legality of his sentence based on changes to the law after his sentencing. After being sentenced to more than 50 years in prison in 2005, Barber has filed numerous motions attacking the legality of his sentence. The heart of his challenge is that some of his prior convictions used to calculate his criminal history score should have been classified as nonperson felonies rather than person felonies. Although Barber previously filed a direct appeal challenging his conviction, he did not challenge the legality of his sentence based on an allegedly erroneous criminal history score.

1

Having failed to challenge the district court's calculation of his criminal history score on direct appeal, Barber collaterally attacked it through several motions to correct illegal sentence—including the one giving rise to this appeal, which the district court summarily denied as successive. Yet the law is well-settled that a defendant is not entitled to the benefit of any change in the law pending resolution of a motion to correct illegal sentence. Rather, the legality of a sentence is fixed at the time of sentencing. While the district court found Barber's motion successive—which this court does not— the result is the same. The district court's summary denial of Barber's motion is therefore affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, a jury convicted Barber of attempted first-degree murder for acts he committed in 2004. Based on Barber's previous convictions—including two pre-1993 Indiana convictions for assault and battery with intent to kill and robbery—the district court determined Barber had a criminal history score of A and sentenced him to 620 months in prison. *State v. Barber*, No. 122,945, 2021 WL 1584683, at *1 (Kan. App. 2021) (unpublished opinion). Barber challenged his criminal history score at sentencing, which the district court denied. Barber appealed his conviction to this court but failed to challenge the district court's calculation of his criminal history score in that appeal. In his direct appeal, Barber alleged the district court (1) deprived him of his constitutional right to a speedy trial; (2) abused its discretion in denying a continuance of the trial; (3) erred in refusing to disqualify the prosecutor; and (4) improperly instructed the jury. *State v. Barber*, No. 95,038, 2007 WL 1309602, at *1-5 (Kan. App. 2007) (unpublished opinion). A panel of this court rejected Barber's claims and affirmed his conviction on direct appeal, and Barber did not further appeal to the Kansas Supreme Court. 2007 WL 1309602, at *5.

2

In 2014, Barber filed a pro se motion to correct illegal sentence alleging the district court erred in calculating his criminal history score. Barber argued the court should not have classified his pre-1993 Indiana convictions as person felonies because they occurred before the Legislature adopted the Kansas Sentencing Guidelines Act (KSGA). See *Barber*, 2021 WL 1584683, at *1. The district court denied the motion. 2021 WL 1584683, at *1. Barber filed a notice of appeal, but he was not appointed appellate counsel and it appears the appeal was never heard. 2021 WL 1584683, at *1.

In 2019, Barber filed a second motion to correct illegal sentence, again arguing the district court miscalculated his criminal history score by classifying his prior Indiana convictions as person felonies, relying on *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*). See *Barber*, 2021 WL 1584683, at *1. Barber argued that because his 2014 motion to correct illegal sentence was still pending, he should receive the benefit of any change in the law that occurred while his motion was pending. 2021 WL 1584683, at *1. The district court disagreed, reasoning that *Murdock II* only allowed those defendants whose *direct* appeals were pending to benefit from a change in the law and summarily denied his claim. *Barber*, 2021 WL 1584683, at *1. Barber appealed to this court.

Barber's sole claim in his appeal was that the district court erred in classifying his pre-1993 Indiana convictions as person felonies because Kansas did not classify offenses as person or nonperson at the time he was convicted of his prior Indiana crimes. *Barber*, 2021 WL 1584683, at *1. The panel observed that the legality of a sentence is controlled by the law in effect at the time the sentence is pronounced and that the only exception to this rule is when a change in the law occurs while a direct appeal is pending because a sentence is not final until the direct appeal is completed. 2021 WL 1584683, at *2; see *State v. Jacobson*, 319 Kan. 70, Syl., 552 P.3d 1239 (2024) ("The law existing at the time of the original sentencing determines a sentence's legality when a case arises from a motion to correct an illegal sentence."); *Murdock II*, 309 Kan. at 591-92 ("[A] party may

3

seek and obtain the benefit of a change in the law during the pendency of a direct appeal, but a party moving to correct an illegal sentence is stuck with the law in effect at the time the sentence was pronounced."). A panel of this court explained that the law governing the legality of Barber's 2005 sentence required that a prior conviction "be classified as a person or nonperson offense for criminal history purposes based on the classification in effect for the comparable Kansas offense at the time the defendant committed his *current* crime." (Emphasis added.) *Barber*, 2021 WL 1584683, at *2 (explaining that the rule set forth in *State v. Vandervort*, 276 Kan. 164, 178, 72 P.3d 925 (2003), governed the classification of Barber's Indiana prior offenses).

The panel found the district court properly applied the law in classifying Barber's pre-KSGA Indiana convictions as person felonies, reasoning Barber did "not dispute that his Indiana crimes, or their comparable Kansas crimes, were person offenses when he committed his current crime in 2004 or when he was convicted and sentenced in 2005." *Barber*, 2021 WL 1584683, at *2. Moreover, according to that panel, Barber did not "allege that a beneficial change in the law occurred while his case was pending on direct appeal." 2021 WL 1584683, at *2. The panel therefore affirmed the district court's denial of Barber's motion to correct illegal sentence. 2021 WL 1584683, at *2.

In 2022, Barber filed yet another motion to correct illegal sentence, again arguing his prior Indiana convictions should have been classified as nonperson felonies for the purpose of calculating his criminal history score. The district court denied the motion. Barber filed a notice of appeal but later filed another pro se motion to correct illegal sentence in June 2023, which is the subject of this appeal. In his 2023 motion, Barber resurrected his argument that his prior Indiana convictions should have been classified as nonperson felonies and, therefore, that the district court erred in calculating his criminal history score. The district court summarily denied Barber's motion as successive, reasoning his motion presented the same claim this court already rejected on the merits in

4

affirming the denial of one of his previous motions to correct illegal sentence. Barber timely appealed.

Barber filed a motion for the appointment of appellate counsel, which the district court granted. However, Barber subsequently filed a pro se appellate brief and requested to proceed pro se in this appeal, which this court granted. The State did not file a brief for this court's consideration, and this court therefore ordered the appeal be decided without the State's brief.

DISCUSSION

Barber's sole claim in this appeal is similar to some he has raised before—namely that the district court erred in calculating his criminal history score by wrongly classifying his pre-1993 Indiana convictions as person rather than nonperson felonies, and thus erred in sentencing him. He argues that by delaying a decision in his 2014 motion to correct illegal sentence until after the law changed, the court denied him application of then-favorable law.

Under the KSGA, before imposing a sentence, the district court must determine the defendant's criminal history score which is then used to calculate the defendant's sentence. The more extensive and serious a defendant's criminal history, the higher their criminal history score. Prior convictions for person felonies have a greater impact on a criminal history score than prior convictions for nonperson felonies. A higher criminal history score can result in a lengthier presumptive sentence for future convictions under the KSGA. So Barber, like most defendants in his position, wants these prior convictions classified as nonperson felonies to ensure a lower criminal history score.

Barber argues the district court erred in summarily denying his most recent motion to correct illegal sentence as successive. A court may summarily deny a motion to correct

an illegal sentence under K.S.A. 22-3504 "without the appointment of counsel when the motion, files, and records of the case conclusively show the defendant has no right to relief." *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). This court reviews the district court's summary denial of a motion to correct illegal sentence de novo, looking at the issue anew without deference to the district court's decision. *State v. Claiborne*, 315 Kan. 399, 400, 508 P.3d 1286 (2022). Although Barber concedes his motion is successive—which was the basis for the district court's decision—this court does not rely on that same reasoning to affirm the district court's summary denial of the motion. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) ("'If a trial court reaches the right result, its decision will be upheld even though the trial court relied upon the wrong ground or assigned erroneous reasons for its decision.'").

In Barber's 2014 motion to correct illegal sentence, he relied on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*), to argue the district court should not have classified his pre-1993 Indiana convictions as person felonies when determining his criminal history score. Even if *Murdock I* provided the relief he requested, it was subsequently overruled by *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). The Kansas Supreme Court decided *Keel* in August 2015, a few months after the district court ruled on Barber's 2014 motion in May 2015. That timing apparently forms the basis for Barber's current appeal from his 2023 motion to correct illegal sentence. Barber argues *Murdock I* was the law of the land during the pendency of his 2014 motion to correct illegal sentence, and therefore the court erred by delaying its ruling. Essentially, Barber argues the court's timing denied him the benefit of the favorable standard. Although his argument presents an interesting criminal procedure Abbott-and-Costello-type law exam question, its merits are eroded by well-settled precedent. See *Jacobson*, 319 Kan. 70, Syl.; see also *State v. Vandervort*, 276 Kan. 164, 178, 72 P.3d 925 (2003), *overruled in part by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

In *Jacobson*, the Kansas Supreme Court reaffirmed that "[t]he law existing at the time of the original sentencing determines a sentence's legality when a case arises from a motion to correct an illegal sentence." 319 Kan. 70, Syl.; see *State v. Johnson*, 317 Kan. 283, 284, 528 P.3d 258 (2023) ("[W]hether a sentence is illegal under K.S.A. 22-3504 is controlled by the law as it existed at the time of sentencing."); *Murdock II*, 309 Kan. at 591 ("The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law."). The *Jacobson* court explained:  "Our law distinguishes between a direct appeal from sentencing and an appeal from denial of a motion to correct an illegal sentence. In a direct appeal, the defendant benefits from changes in the law occurring during the appeal process. But that is not true for the latter . . . ." 319 Kan. at 70; see *Murdock II*, 309 Kan. at 591 ("[F]or purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law."). Therefore, whether a defendant is entitled to the benefit of a change in the law turns on whether the defendant is challenging their sentence through a direct appeal or through a motion to correct illegal sentence. See *Jacobson*, 319 Kan. at 72; see *Murdock II*, 309 Kan. at 591-92 ("Put simply, a party may seek and obtain the benefit of a change in the law during the pendency of a direct appeal, but a party moving to correct an illegal sentence is stuck with the law in effect at the time the sentence was pronounced.").

Here, Barber challenged the legality of his sentence through a motion to correct illegal sentence, so he is not entitled to any benefit of a change in the law while his motion was pending. Rather, the legality of Barber's sentence is controlled by the law existing at the time of his original sentencing on June 9, 2005. See *Jacobson*, 319 Kan. at 70. The classification of Barber's prior Indiana convictions is therefore governed by the Kansas Supreme Court's decision in *Vandervort*, 276 Kan. 164, which was the applicable law when Barber was sentenced in June 2005.

In *Vandervort*, the Kansas Supreme Court held "a prior conviction should be classified as a person or nonperson offense for criminal history purposes based on the classification in effect for the comparable Kansas offense when the *current* crime was committed." (Emphasis added.) *Keel*, 302 Kan. 560, Syl. ¶ 9 (explaining the court's holding in *Vandervort*). Barber's motion and appellate brief rely on the Kansas Supreme Court's decisions in *State v. Williams*, 291 Kan. 554, Syl. ¶ 4, 244 P.3d 667 (2010), *overruled by Keel*, 302 Kan. 560, and *Murdock I*, 299 Kan. 312. See *Williams*, 291 Kan. 554, Syl. ¶ 4 ("In designating [prior out-of-state] crimes as person or nonperson, the comparable offenses in Kansas shall be determined as of the date the defendant committed the *out-of-state* crimes." [Emphasis added.]); *Murdock I*, 299 Kan. 312, Syl. ¶ 5 ("When calculating a defendant's criminal history that includes out-of-state convictions committed prior to enactment of the [KSGA], the out-of-state convictions must be classified as nonperson offenses."). *Williams* and *Murdock I* departed from *Vandervort*'s holding but not before Barber was sentenced. *Williams* and *Murdock I* were decided well after Barber was sentenced, and he therefore may not rely on them in challenging the legality of his sentence through a motion to correct illegal sentence. The analysis would be different if *Williams* or *Murdock I* had been decided while Barber's direct appeal was pending, but those decisions were rendered many years after this court affirmed Barber's conviction on direct appeal in 2007.

Barber's contention that "he should have been classified under the pre-1993 criminal statutes, before the K.S.G.A. started making a distinction between person and nonperson crimes" is simply inaccurate. Under the law in effect at the time of Barber's sentence in June 2005, courts calculated criminal history scores by classifying pre-KSGA convictions as person or nonperson offenses based on the classification for the comparable Kansas offense in effect when the current crime was committed. Barber committed the crime of conviction in this case—attempted first-degree murder—in 2004, well after adoption of the KSGA classifying offenses as person or nonperson. Therefore, Barber may not rely on *Williams* or *Murdock I* to challenge his criminal history score in

8

any motion to correct illegal sentence filed after completing his direct appeal because the legality of his sentence is controlled by the law in effect on June 9, 2005.

On appeal, Barber argues only that *Murdock I* should govern how his prior Indiana convictions should have been scored for criminal history purposes—which fails as explained herein. Barber does not argue that under the correct standard articulated in *Vandervort* the district court erred in classifying his Indiana convictions for assault and battery with intent to kill and for robbery as person felonies and as such this court does not consider that point further. See *State v. Berkstresser*, 316 Kan. 597, Syl. ¶ 1, 520 P.3d 718 (2022) ("When a party fails to brief an issue, that issue is deemed waived or abandoned."); see also *Vandervort*, 276 Kan. at 178 (standard for classifying out-of-state offenses); *Barber*, 2021 WL 1584683, at *2 (noting that Barber failed to "dispute that his Indiana crimes, or their comparable Kansas crimes, were person offenses when he committed his current crime in 2004 or when he was convicted and sentenced in 2005").

CONCLUSION

While the district court summarily denied Barber's motion to correct illegal sentence as successive, as explained herein, the motion is meritless. Accordingly, the district court did not err in summarily denying it, and this court affirms albeit for different reasons.

Affirmed.