NOT DESIGNATED FOR PUBLICATION

No. 127,600

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RaShawn T. Anderson,
*Appellant*,

v.

State of Kansas,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; Cheryl A. Rios, judge. Submitted without oral argument. Opinion filed October 3, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Carolyn A. Smith*, assistant deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before Bruns, P.J., Schroeder and Isherwood, JJ.

Per Curiam: RaShawn T. Anderson appeals the district court's summary denial of his motion to correct an illegal sentence. In August 2008, Anderson pled no contest to one count of first-degree murder and was sentenced to prison. About 14 years later, he filed the motion that is the subject of this appeal. In his motion, Anderson argued that he did not receive the appropriate amount of jail time credit owed to him. Based on our review of the record, we find that the district court's summary denial of Anderson's motion to correct an illegal sentence was proper. Thus, we affirm.

1

FACTS

The parties are familiar with the underlying facts and we will simply summarize them here. It is undisputed that Anderson pled no contest to first-degree murder on August 15, 2008. Prior to sentencing, Anderson moved to withdraw his plea. The district court subsequently denied his motion and sentenced him to life without parole for a hard 25 sentence to run concurrent with an unrelated case. Moreover, the district court awarded Anderson 333 days of credit for the time he spent in the Shawnee County Jail. The Kansas Supreme Court later affirmed the district court's denial of the motion to withdraw his plea. *State v. Anderson*, 291 Kan. 849, 249 P.3d 425 (2011).

On January 13, 2022, Anderson filed a pro se motion to correct an illegal sentence challenging the amount of jail time credit that he received. Anderson claimed that he was entitled to additional credit for the time that he was in custody—in an unrelated case. In summarily denying Anderson's motion, the district court explained:

> "Anderson seems to argue that he received no jail time credit in 2006-CR-1485 for the time he spent detained or incarcerated for an unrelated case arising out of Douglas County. However, under Kansas law, 'a defendant is not entitled to jail time credit toward a sentence when the time at issue was spent serving a sentence in an unrelated case.' *Hooks v. State*, 51 Kan. App. 2d 527, 532, 349 P.3d 476 (2015)."

Thereafter, Anderson timely filed a notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in summarily denying Anderson's motion to correct an illegal sentence. Anderson contends that he is entitled to additional credit for the time he spent in the Shawnee County Jail—in an unrelated case. In response, the State contends that—based on the law in effect at the

2

time of his sentencing in 2009—the district court appropriately denied Anderson with additional jail time credit.

Statutory interpretation presents a question of law over which our review is unlimited. See *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). "When a statute is plain and unambiguous, a court must give effect to its express language, rather than determine what the law should or should not be." *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015). Legislative intent is discerned through the language that the statute uses, indicating that ordinary words are given their ordinary meanings. *State v. Soto*, 310 Kan. 242, 252, 445 P.3d 1161 (2019). Additionally, statutes are construed in a way to avoid unreasonable results. *State v. Keel*, 302 Kan. 560, 574, 357 P.3d 251 (2015).

"Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is [also] a question of law over which the appellate court has unlimited review." *State v. Jacobson*, 319 Kan. 70, 72, 552 P.3d 1239 (2024) (quoting *State v. Claiborne*, 315 Kan. 399, 400, 508 P.3d 1286 [2022]). This is because we have the same access to the motions, records, and files as the district court. *State v. Taylor*, 299 Kan. 5, 7, 319 P.3d 1256 (2014). "[And] like the district court, [we] must determine whether those documents conclusively show the defendant is not entitled to relief." 299 Kan. at 8.

"[A] court may correct an illegal sentence at any time while the defendant is serving such sentence." K.S.A. 22-3504(a). Unless the evidence shows that a defendant is not entitled to relief, "[t]he defendant shall have a right to a hearing, . . . to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence." K.S.A. 22-3504(a); see *State v. Ford*, 302 Kan. 455, 467, 353 P.3d 1143 (2015). Under K.S.A. 22-3504(c)(1), a sentence is illegal if the district court lacked jurisdiction, the sentence did not conform with a statutory provision, or the sentence is ambiguous. See *State v. Redick*, 307 Kan. 797, 807, 414 P.3d 1207 (2018).

3

Significantly, a sentence is not illegal when a district court fails to apply a change in the law which occurred "*after* the sentence is pronounced." (Emphasis added.) K.S.A. 22-3504(c)(1). A "'[c]hange in the law'" includes "an opinion by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction." K.S.A. 22-3504(c)(2). Here, K.S.A. 21-4614 was the jail time credit statute in effect both at the time Anderson committed his crime and at the time of his sentencing. We note that although the statute's numbering has changed several times, its substance has remained consistent. See K.S.A. 21-6615.

For approximately 45 years, Kansas appellate courts have interpreted K.S.A. 21-4614—as well as its subsequent iterations—to mean that defendants could only receive jail time credit while being held solely on the crime charged. See *Campbell v. State*, 223 Kan. 528, 528, Syl. ¶¶ 1-2, 575 P.2d 524 (1978). But in 2023, our Supreme Court held the jail time credit statute awards defendants "all time spent incarcerated while [their] case was pending." *State v. Hopkins*, 317 Kan. 652, Syl., 537 P.3d 845 (2023). Recently—in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025)—our Supreme Court held that district judges must "award one day of credit for each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

Accordingly, we find that both the law in effect at the time Anderson committed his crime—and at the time of his sentencing—did not entitle him to additional jail time credit. As noted above, a sentence does not become illegal "because of a change in the law that occurs after the sentence is pronounced." K.S.A. 22-3504(c)(1). Here, *Hopkins* and *Ervin*'s changes to the law do not make Anderson's sentence illegal. Thus, we conclude that Anderson is not entitled to relief and we affirm the district court's decision.

Affirmed.

4