NOT DESIGNATED FOR PUBLICATION

No. 126,514

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEATON MATTHEW MOLLEKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Submitted without oral argument. Opinion filed May 8, 2026. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

ISHERWOOD, J.: In 2017, Keaton Matthew Molleker pleaded guilty to a series of violent crimes, and the district court ordered him to serve a prison term of 135 months but also awarded him 543 days of jail credit. Five years later, Molleker filed a motion to correct an illegal sentence alleging that the district court erred when it ordered his sentence to run consecutive to an earlier case and when it allocated 184 days of jail credit solely to that earlier case rather than assigning the amount to both cases. A motion to correct an illegal sentence under K.S.A. 22-3504 is not the appropriate avenue by which to challenge jail credit calculation. Even if it were, the law in effect at the time Molleker

committed his crimes limited jail credit awards to a single case. Accordingly, we decline to find that the district court erred when it denied Molleker's motion.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Molleker was convicted of theft in case number 14-CR-205 and sentenced to 9 months' imprisonment suspended to 12 months' probation. He later violated the terms and conditions of his probation and was ordered to spend 90 days under house arrest as a sanction.

In 2015, while still on probation, Molleker was charged with several new felonies in case number 15-CR-502. The district court conducted a bifurcated hearing in August 2016 to address the revocation of Molleker's probation in 14-CR-205 and hold a status conference in 15-CR-502. The parties agreed that Molleker was entitled to receive 90 days of jail credit in his 2014 case as a result of his earlier house arrest sanction. He was also positioned to receive an additional 184 days of jail credit in that case for the time he spent in custody from September 29, 2015, through March 28, 2016, awaiting disposition of his probation violation, bringing the total number of days that he was entitled to receive credit for in the 2014 case to 274. The designated date in March marked the expiration of the nine-month prison sentence Molleker received in his 2014 case.

Molleker ultimately opted to enter a guilty plea to multiple offenses in 15-CR-502, some of which were considerably violent. Under the terms of the parties' agreement, several of Molleker's prison sentences were to run consecutive to one another while the remaining would run concurrent with the other terms of imprisonment imposed in that case.

The district court accepted Molleker's pleas, adjudged him guilty on all counts and sentenced him to a total prison term of 135 months in accordance with the parties'

recommendation. During Molleker's sentencing hearing, the State reminded the district court that Molleker received 274 days of jail credit in his 2014 case, which satisfied his sentence in full in that matter, thereby leaving 543 days of jail credit available to allocate toward Molleker's current sentence in 15-CR-502. Molleker's counsel confirmed the accuracy of the State's assertion. Molleker did not pursue an appeal of his sentence.

Several years later, Molleker filed a pro se motion to correct an illegal sentence. He alleged that at his probation revocation the district court ordered that he serve his sentences in the two cases concurrent but then only allocated 184 days of jail credit toward his sentence in 14-CR-205 even though it should have gone to both cases. Accordingly, argued Molleker, it was necessary to vacate his sentence in 15-CR-502 and correct it by awarding him 184 days of jail credit. Following a hearing, the district court found it lacked jurisdiction to modify the sentences and denied Molleker's motion.

Molleker now timely brings his case before this court for an analysis of whether the district court erred when it declined to award him the 184 additional days of jail credit that he contends he is entitled to.

LEGAL ANALYSIS

Molleker's overarching claim is that he is presently subject to an illegal sentence. He contends, for the first time on appeal, that the district court erred when it ordered his sentence in 15-CR-502 to run consecutive to that imposed in 14-CR-205, because the latter term was already completed when the court imposed the sentence in his 2015 case. He further asserts, also for the first time on appeal, that because his sentence in 14-CR-205 was satisfied at the time the court ordered him to serve a prison term in 15-CR-502, then the 2015 case was the only one in existence at the time of sentencing. Thus, 184 of the days awarded as jail credit in his 2014 case should have been allocated to his 2015 case. According to Molleker, the misallocation of time renders his sentence in his 2015

3

case illegal so his case must be remanded with directions for the district court to award him 184 days of jail credit in 15-CR-502. There is not a mechanism available at this juncture that enables us to grant Molleker the relief that he seeks.

*Preservation*

As a preliminary matter, we note that Molleker's claim of error on appeal differs from the argument he presented to the district court. He acknowledges in his briefing that he did not argue to the district court that it erred when it ordered him to serve his 2015 case consecutive to his 2014 case because the latter term had already expired by the time of the 2015 case's sentencing proceeding. Generally, "an appellate court will not address an issue raised for the first time on appeal, although there are limited exceptions to that rule." *State v. Allen*, 314 Kan. 280, 281, 497 P.3d 566 (2021). Molleker takes the position that his claim can properly be considered because (1) it involves only a question of law arising on proved or admitted facts and is determinative of the case; or (2) consideration of the claim is necessary to serve the ends of justice or prevent the denial of fundamental rights. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

Molleker ultimately intertwines this claim with his additional new contention that because his 2014 case was already satisfied at the time of his sentencing in 15-CR-502, then the latter case was the only one where 184 days of jail credit could be properly allocated. In *State v. Ward*, No. 125,421, 2023 WL 7404186, at *4 (Kan. App. 2023) (unpublished opinion), another panel of this court addressed a jail credit issue for the first time on appeal to prevent the denial of Ward's fundamental liberty interests. At the most fundamental level, Molleker is simply raising a jail credit claim and challenging whether the district court properly refused to award the additional 184 days of jail credit that Molleker requested. Accordingly, we will follow the lead of our colleagues in *Ward* and exercise our discretion to address Molleker's unpreserved issue. Before moving forward with our analysis of that issue, we pause to note that Molleker did not choose to appeal

4

either of the issues he raised in his motion before the district court. Accordingly, those claims are deemed waived or abandoned and will not play any role in our analysis. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (Issues not adequately briefed are deemed waived or abandoned.).

*Standard of Review*

Whether a sentence is illegal under K.S.A. 22-3504 turns on interpretation of the Revised Kansas Sentencing Guidelines Act, K.S.A. 21-6801 et seq. The availability of jail credit for a particular offender is also a matter that is governed by statute. We exercise unlimited review over questions of statutory interpretation. *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019).

*Consecutive Sentences*

Molleker first contends his sentence in 15-CR-502 is illegal because the district court ordered his prison term to run consecutive to that of 14-CR-205, when the sentence in that 2014 case was already satisfied. He asks this court to vacate his sentence in 15-CR-502.

In *State v. McCormick*, No. 104,178, 2011 WL 3558242 (Kan. App. 2011) (unpublished opinion), a panel of this court addressed a similar issue. There, McCormick filed a pro se motion to correct an illegal sentence arguing that two of his cases should have run consecutive to one another. McCormick completed his sentence in the first case before he was sentenced in the second case. The *McCormick* panel found: "Because a sentence takes effect at the time of sentencing, and the first sentence had already expired, there is no possible way the district court could have run McCormick's two sentences consecutive to each other." 2011 WL 3558242, at *4. Here, the parties do not dispute that

Molleker completed his sentence in 14-CR-205 before he was convicted or sentenced in 15-CR-502.

At Molleker's probation violation hearing in 14-CR-205, the district court revoked his probation and credited him with 247 days of jail credit which had the effect of satisfying his sentence for that case in full. About a year later, Molleker was sentenced in his 2015 case and at the conclusion of that proceeding the State inquired whether the sentence would run "consecutive to 14-CR-205." The district court responded in the affirmative. It appears the district court's comment was merely an oversight. Regardless, while it was error for the district court to state the sentences ran consecutive to the sentence in 14-CR-205, Molleker has failed to establish what prejudice he suffered as a result.

*Jail Time Credit*

Molleker explains that he was granted 274 days of jail time credit in 14-CR-205 to complete his sentence, which included 184 days he was held in custody pending disposition of 15-CR-502. He contends that because he was held in custody pending disposition of 15-CR-502, he should have been awarded 184 days of jail time credit in both of his cases, not simply the 2014 case.

As noted above, we exercise unlimited review over inquiries into whether a sentence is illegal within the meaning of K.S.A. 22-3504. *State v. Jacobson*, 319 Kan. 70, 72, 552 P.3d 1239 (2024). K.S.A. 22-3504(c)(1) advises that a sentence is illegal when the district court lacked jurisdiction, the sentence did not conform with a statutory provision, or the sentence is ambiguous. See *State v. Redick*, 307 Kan. 797, 807, 414 P.3d 1207 (2018). If the analysis reveals the sentence to be illegal a court may correct it at any time while the defendant is serving that sentence. K.S.A. 22-3504(a). Notably, it does not render a term of punishment illegal if a district court declines to apply a change in the law

that occurred after a defendant's sentence was pronounced. K.S.A. 22-3504(c)(1). Changes made after the termination of a defendant's direct appeal also do not alter the legality of a sentence. See *State v. Murdock*, 309 Kan. 585, 591-92, 439 P.3d 307 (2019). A "'[c]hange in the law'" includes an appellate opinion issued after the end of a direct appeal. K.S.A. 22-3504(c)(2).

The jail credit statute in effect when Molleker committed the offenses stated in relevant part:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 21-6615(a).

For over four decades, Kansas courts have interpreted this provision to mean that defendants could only receive jail time credit while being held *solely* on account of the charged offense. See *Campbell v. State*, 223 Kan. 528, Syl. ¶¶ 1-2, 575 P.2d 524 (1978) (interpreting K.S.A. 21-4614, the predecessor to K.S.A. 21-6615). But in 2023, our Supreme Court shifted course and determined that the underlying intent of the jail credit statute is to ensure that criminal defendants are granted "all time spent incarcerated while [their] case was pending." *State v. Hopkins*, 317 Kan. 652, Syl., 537 P.3d 845 (2023). Two years later, in *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), the court revealed a finer point in its interpretation of the statute and held that district judges are required to "award one day of credit for each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case."

*Ervin* became binding precedent while Molleker's appeal from the denial of his motion to correct an illegal sentence was pending. The general rule is that a change in the law acts prospectively, and applies only "'to all cases, state or federal, pending on direct review or not yet final.'" *State v. Mitchell*, 297 Kan. 118, 124-25, 298 P.3d 349 (2013). Molleker was sentenced on September 15, 2017, and his sentence became final 14 days later when the time to file a direct appeal expired. K.S.A. 2017 Supp. 22-3608(c). That is, the available window for Molleker to pursue review of his sentence closed approximately eight years before *Ervin* was decided.

Our Supreme Court has explained the "legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced." *Murdock*, 309 Kan. at 591. At that moment, a defendant's sentence is either legal or illegal according to then-existing law. 309 Kan. at 591. Thus, "for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591; see also *State v. Ford*, 302 Kan. 455, 471, 353 P.3d 1143 (2015) ("[I]t is generally true that changes in the law apply prospectively and only to cases on direct review.").

Accordingly, we find that the law in effect at the time Molleker was sentenced did not entitle him to additional jail time credit. The changes articulated in *Hopkins* and *Ervin* do not render Molleker's sentence illegal. Accordingly, we are unable to assign any measure of error to the district court's denial of Molleker's motion.

Affirmed.